<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DRAMANE KOULIBALI,       :
                                         Civil Action No. 09-1546 (PGS)
          Petitioner,   :

              v.          :       **OPINION**

ERIC HOLDER, et al.,       :

          Respondents.  :

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Dramane Koulibali
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**SHERIDAN**, District Judge

Petitioner Dramane Koulibali, an alien detainee currently confined at Hudson County Correctional Center in Kearny, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are Warden Oscar Aviles and various federal officials.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner is a citizen and native of the Republic of Ivory Coast who was admitted as a visitor to the United States on March 16, 1991.  Petitioner overstayed his visa, and his subsequent asylum application was denied.

A Notice to Appear was filed against Petitioner on July 29, 1997.  Petitioner was granted voluntary departure, but failed to depart as required, which resulted in a final order of removal being entered against him on October 16, 2000.

Petitioner's motion to reopen the removal proceedings was granted and, on May 14, 2003, the Immigration Judge denied all relief and again ordered Petitioner removed.  The Board of Immigration Appeals dismissed Petitioner's appeal on June 23, 2004.  Petitioner was taken into custody pursuant to the final order of removal on January 11, 2008.

The Republic of Ivory Coast twice issued travel documents for Petitioner, which were valid from April 28, 2008, through May 27, 2008, and from May 6, 2008, through June 6, 2008.  On May 1, 2008, pursuant to the first travel document, immigration officials attempted to remove Petitioner, but he refused to board the airplane.  On June 4, after receipt of the second travel document, Petitioner advised immigration officials that he would again resist all efforts to remove him.

Thereafter, Petitioner filed a motion to stay his removal in the U.S. Court of Appeals for the Third Circuit, Koulibali v. Attorney General, No. 08-2698 (3d Cir.), which was transferred to the Court of Appeals for the Second Circuit.  Contemporaneously, Petitioner filed a petition for review of the order of removal with the Court of Appeals for the Second Circuit, with which the transferred matter was consolidated.  See Koubali v. Mukasey, No. 08-3553 (2d Cir.).  These proceedings resulted in a stay of Petitioner's removal pending resolution on the merits.  The Court of Appeals for the Second Circuit denied relief, vacated the stay on September 25, 2008, and issued its mandate on October 20, 2008.

On February 2, 2009, immigration officials sent a new travel document request to the Ivory Coast consulate.  As no response was received, a follow-up request was sent to the consulate on May 13, 2009.  Following a conversation with an embassy official, immigration officials re-sent the request on May 22, 2009; it was received on May 27, 2009.

Also in February 2009, immigration officials conducted a custody status review and determined not to release Petitioner pending removal based on his prior failure to cooperate and on a determination that he would be a flight risk if released from custody.

This Petition, dated March 17, 2009, followed.  Respondents have answered; Petitioner has replied.  This matter is now ready for decision.

## II.  STANDARDS FOR REVIEWING PRO SE PLEADINGS

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.  ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a).  Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

> The removal period begins on the latest of the
> following:
>
> (i) The date the order of removal becomes
> administratively final.
> (ii) If the removal order is judicially reviewed and if
> a court orders a stay of the removal of the alien, the
> date of the court's final order.
> (iii) If the alien is detained or confined (except
> under an immigration process), the date the alien is
> released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a resident alien must be released if he can establish that his removal is not reasonably foreseeable.  See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

In addition, where the running of the removal period has been terminated by other events, the applicable removal period begins to run anew upon the happening of any of the events described in § 1231(a)(1)(B).  See, e.g., 28 U.S.C. § 1231(a)(1)(B)(iii); Gregory v. B.I.C.E./D.H.S., Civil Action No. 06-4008 (SDW), 2007 WL 708856 (March 6, 2007); Michel v. INS, 119 F.Supp.2d 485, 498 (M.D. Pa. 2000).

Here, Petitioner moved for a stay of removal.  The Court of Appeals for the Second Circuit issued a judicial stay of removal pending decision on Petitioner's motion, which was lifted when the Second Circuit issued its mandate on October 20, 2008.  Thus, that date is the operative date from which the Zadvysas presumptively-reasonable six-months period must be measured.

To state a claim under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the

5

time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired.  See, e.g., Akinvale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).  Petitioner's detention was presumptively reasonable from October 20, 2008, through April 20, 2008.  Thus, at the time Petitioner filed this Petition on March 17, 2009, his detention was presumptively reasonable.[2]  Accordingly, this Petition must be dismissed as premature.

Alternatively, Petitioner has failed to establish, as of the filing of his Reply on July 27, 2009, that his removal is not reasonably foreseeable.  At the time he filed the Petition, immigration officials had just begun the process of seeking new travel documents.  During the pendency of this action, immigration officials have continued communication with officials of the Ivory Coast consulate and there has been no indication that travel documents will not be forthcoming.  The Republic of Ivory Coast had twice, previously, issued travel documents for Petitioner.  Petitioner has not suggested any reason that the Republic of Ivory Coast would not issue such documents again.

---

[2] The result would be the same if the six-months period were measured from September 25, 2008, as Petitioner argues.

Accordingly, this Petition also must be dismissed for failure to establish that removal is not reasonably foreseeable.

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed, without prejudice to Petitioner filing a new Petition should circumstances warrant.   An appropriate order follows.


<u>s/Peter G. Sheridan</u>
PETER G. SHERIDAN, U.S.D.J.

September 22, 2009

7